## Burke v. Sandy Valley and Elkhorn Railway Company.

(Decided December 17, 1926.)

Appeal from Pike Circuit Court.

1. **Railroads—Railroad's Vendor Cannot Recover Damages for Removal of Depot for Public Convenience.**—One selling ground to railroad company in consideration of its building and maintaining

a depot thereon cannot recover damages from it for moving station after 12 years to village which had grown up about a half mile away, public convenience being paramount.

2. Railroads—Damages for Removal of Depot Not in Issue Unless Pleaded.—Claim not made in original nor amended petition for damages that removal of railroad depot was in violation of Ky. Stats., sec. 772, cannot be considered.

PICKLESIMER & STEELE for appellant.

A. J. KIRK and O'REAR, FOWLER & WALLACE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant, whom we shall call the plaintiff, sought to recover of the appellee, whom we shall call the defendant, ten thousand dollars for damages which the plaintiff claims to have sustained by the removal of a depot. The court instructed the jury peremptorily to find for the defendant, and the plaintiff has appealed.

After the defendant had acquired from the plaintiff a right of way through his farm, and had built thereon its railroad, it desired to locate a depot in the neighborhood, and according to the plaintiff, it procured from him a strip of ground containing .57 of an acre for the express consideration of one dollar, but as plaintiff says, for the agreed consideration that the defendant would build and maintain thereon a freight and passenger station, and that it did so maintain such station there from the year 1912 until about the end of the year 1924, when it moved its station and depot about a half mile, and located it at Beefhide. Thereupon this action was begun. The defendant denies everything, but if it had denied nothing, plaintiff still cannot recover. The principles announced in the case of L. & N. R. Co. v. Johnson's Admrx., 207 Ky. 813, 270 S. W. 58, are squarely against him. This case cannot be distinguished from the Johnson case. Both cases were bottomed on express contract. However, plaintiff is now contending the removal of this depot was a violation of section 772 of our statutes. No such claim was made in either his original or amended petition. "No relief will be given outside the allegations of the petition." See section 352 Newman's Pleading and Practice, 3rd ed.

At the time that this railroad was built and this depot first established, it was not known at just what point

it would be most convenient to the public to have this station, but after the maintenance of this station for twelve years at the place where plaintiff wants to keep it, it was found that it was not convenient to the public at that place. About a half mile from this place, a little village, known as Beefhide, has grown up, and the convenience of those villagers must not be overlooked. The point at which this station was first established was convenient to the plaintiff, and the plaintiff only. No one else has built at that place, and his convenience must yield to the convenience of the public, as the railroad is a public servant.

The judgment is affirmed.